THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH

| | |
|---|---|
| Kerry Wadleigh,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>Frank J. Bisignano<br>Commissioner of the Social Security<br>Administration,<br><br>　　　　　　Defendant. | MEMORANDUM DECISION AND ORDER DENYING WITHOUT PREJUDICE MOTION TO PROCEED IN FORMA PAUPERIS<br><br>Case No. 2:26-cv-00534-DBP<br><br><br>Magistrate Judge Dustin B. Pead |

This matter is before the court on Plaintiff's Motion for Leave to Proceed in forma pauperis (IFP).[1] The court will deny the motion without prejudice.

28 U.S.C. § 1915(a) provides the requirements for an individual to bring a matter in forma pauperis. It provides that "any court of the United States may authorize the commencement, prosecution or defense of any suit, action or proceeding ... without prepayment of fees or security therefor, by a person who submits an affidavit ... that the person is unable to pay such fees or give security therefor."[2] In conformity with the statue the court requires that a party seeking to proceed in forma pauperis submit a financial affidavit in support of their motion. In the instruction section on the standard form Plaintiff used to file the motion it states:

> Complete all questions and then date and sign the motion. Do not leave any blanks: if the answer to a question is "O," "none," or "not applicable (N/A)," write that response. If you need more space to answer a question or to explain your answer, attach a separate sheet of paper identified with your name, your case number, and the question number.[3]

---

[1] ECF No. 2.

[2] 28 U.S.C. § 1915(a)(1).

[3] Motion to Proceed In forma Pauperis (Nonincarcerated Party) at 1.

Plaintiff failed to follow the instructions. Other than checking two boxes at the start of the form the other sections are blank. There is nothing about Plaintiff's employment, sources of income, public assistance, assets, or property owned. Plaintiff also failed to complete the section setting forth expenses and obligations.

Considering Plaintiff's incomplete financial affidavit, the court is unable to determine whether Plaintiff can pay the filing fee. The court must therefore deny Plaintiff's Motion for Leave to Proceed in forma pauperis at this time. The denial is without prejudice to Plaintiff re-filing a motion with the completed financial affidavit.[4] Plaintiff shall file any renewed Motion for Leave to Proceed in forma pauperis within fourteen (14) days of the date of this Order.

IT IS SO ORDERED.

DATED this 15 June 2026.

_____
Dustin B. Pead
United States Magistrate Judge

---

[4] *See, e.g., Patterson v. Park Univ.*, No. CIV.A. 10-2687-CM, 2011 WL 52546, at *1 (D. Kan. Jan. 6, 2011) (denying motion to proceed in forma pauperis because the financial affidavit was blank).

2